

1 | Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
2 | Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
3 | Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
4 | Capstone Law APC
1875 Century Park East, Suite 1000
5 | Los Angeles, California 90067
Telephone:  (310) 556-4811
6 | Facsimile:  (310) 943-0396

7 | Attorneys for Plaintiff
Joseph Kinder
8

9

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

JOSEPH KINDER, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

v.

WOODBOLT DISTRIBUTION, LLC, a Delaware limited liability company,

Defendant.

Case No.: **'18 CV 2713 DMS AGS**

**CLASS ACTION COMPLAINT FOR:**

1) Violations of California's Consumers Legal Remedies Act
2) Violations of Unfair Competition Law, California Business & Professions Code § 17500 *et seq.*
3) Violations of Unfair Competition Law, California Business & Professions Code § 17200 *et seq.*
4) Unjust Enrichment

**DEMAND FOR JURY TRIAL**

# **INTRODUCTION**

1.      Plaintiff Joseph Kinder ("Plaintiff") brings this action on behalf of himself and on behalf of all others similarly situated, against Defendant Woodbolt Distribution, LLC d/b/a Nutrabolt ("Nutrabolt" or "Defendant"), based on Defendant's misleading business practices with respect to the packaging and sale of Cellucor C4 Pre-Workout powders sold in 30- and 60-serving size containers[1] ("C4 Pre-Workout Powders").

2.      At all relevant times, and as depicted in the photographs below, Defendant has packaged and sold the C4 Pre-Workout Powders in opaque packaging that conceals from consumers the amount of product actually contained therein.  The C4 Pre-Workout Powders are sold fully enclosed in an opaque plastic container significantly comprised of non-functional empty space, as detailed below. (*See* ¶ 18).  This packaging prevents the consumer from directly seeing or handling the product and leads the reasonable consumer to believe that the package contains significantly more product than it actually does.

3.      Defendant's practice of approximately half-filling its C4 Pre-Workout Powders' containers with powder inside of an opaque container creates non-functional slack fill.  The use of non-functional slack fill allows Defendant to lower their costs by deceiving customers into paying a higher price for more product than they truly receive.  As a result, Defendant has realized sizable profits.

4.      Plaintiff and other consumers have reasonably relied on Defendant's deceptive packaging in purchasing C4 Pre-Workout Powders.  If Plaintiff and other consumers had known the actual amount of pre-workout powder contained

---

[1] On information and belief, the C4 Pre-Workout Powders include, without limitation: Cellucor C4 Ripped Pre-Workout, C4 Sport Pre-Workout, C4 Original Pre-Workout.

CLASS ACTION COMPLAINT

in the packaging, they would not have purchased the C4 Pre-Workout Powders or would have paid less for them.  Therefore, Plaintiff and other consumers have suffered injury-in-fact as a result of Defendant's deceptive practices, including, without limitation, out-of-pocket costs incurred in purchasing the overvalued C4 Pre-Workout Powders.

## PARTIES

### PLAINTIFF JOSEPH KINDER

5.      Plaintiff Joseph Kinder is a California citizen who resides in Pine Valley, California.  In or around November 2017, Plaintiff purchased a 13.8-ounce container of C4 Pre-Workout Powder from BodyBuilding.com, an authorized retailer operating in San Diego County.  Prior to purchasing the C4 Pre-Workout Powder, Plaintiff visited retailers authorized to sell the product (e.g. Vitamin Shoppe) and viewed the product's packaging.  Plaintiff subsequently purchased the C4 Pre-Workout Powder in reliance on Defendant's packaging, which made it appear that he was purchasing predominantly filled containers of C4 Pre-Workout Powder, as indicated by the size of the product's containers.  However, unbeknownst to Plaintiff prior to purchase, after opening the packaging, he discovered that the C4 Pre-Workout Powder container was significantly under-filled and contained a large amount of empty space rather than powder.  Plaintiff thus reasonably believed he was buying more C4 Pre-Workout Powder than he received.

6.      Plaintiff purchased the C4 Pre-Workout Powder primarily for personal, family, or household use.  Woodbolt manufactured, sold, distributed, advertised, marketed, and warranted the C4 Pre-Workout Powder.

7.      If Plaintiff had known at the time of purchase that the C4 Pre-Workout Powder products largely contained empty space and were only half-filled with powder, he would not have purchased the product or would have paid less for it. Plaintiff continues to visit stores that sell C4 Pre-Workout Powder, but

he cannot determine if the containers are still substantially under-filled.  Plaintiff would purchase C4 Pre-Workout Powders in the future if the labeling and packaging were no longer misleading and deceptive such that he could determine prior to purchase the level to which the containers are actually filled with powder as opposed to empty space.

**DEFENDANT**

8.     Defendant Woodbolt Distribution, LLC is a corporation organized and in existence under the laws of the State of Delaware and is registered to do business in the State of California.  Woodbolt Distribution, LLC's corporate headquarters and principal place of business are located at 3891 S. Traditions Dr., Bryan, TX 77807.  Woodbolt Distribution, LLC designs, tests, manufactures, markets, distributes, and sells Cellucor C4 Pre-Workout Powder nationwide and in California.

9.     At all relevant times, Defendant was and is engaged in the business of designing, testing, manufacturing, marketing, distributing, and selling products in Los Angeles County and throughout the United States of America.

**JURISDICTION**

10.     This is a class action.

11.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution or laws of the United States and the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) and (6), in that, as to each Class defined herein:

      a.     the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs;

      b.     this is a class action involving 100 or more class members; and

      c.     this is a class action in which at least one member of the Plaintiff class is a citizen of a State different from at least one

Defendant.

12.     The Court has personal jurisdiction over Defendant, which has at least minimum contacts with the State of California because it has conducted business there and has availed itself of California's markets through the marketing, distributing, and selling of C4 Pre-Workout Powders.

## VENUE

13.     Defendant, through its business of advertising, distributing, and selling C4 Pre-Workout Powders, have established sufficient contacts in this district such that personal jurisdiction is appropriate.  Defendant is deemed to reside in this district pursuant to 28 U.S.C. § 1391(a).

14.     In addition, a substantial part of the events or omissions giving rise to these claims and a substantial part of the property that is the subject of this action are in this district.  In addition, Plaintiff's Declaration, as required under California Civil Code § 1780(d) (but not pursuant to *Erie* and federal procedural rules), reflects that a substantial part of the events or omissions giving rise to the claims alleged herein occurred, or a substantial part of property that is the subject of this action, is situated in San Diego County, California.  It is attached as **Exhibit 1**.

## FACTUAL ALLEGATIONS

15.     At all relevant times, Defendant has distributed, marketed, advertised, and sold Cellucor C4 Pre-Workout Powders across California and the United States.  Defendant sells Cellucor C4 Pre-Workout Powders at major retail and online outlets including, without limitation, the Cellucor website, Costco, GNC, Vitamin Shoppe, Bodybuilding.com and Amazon.com.

16.     Pursuant to California Business and Professions Code §12606(b):

A container that does not allow the consumer to fully view its contents shall be considered to be filled as to be misleading if it contains nonfunctional slack fill. Slack fill is the difference between the actual capacity of a container and

the volume of product contained therein. Nonfunctional slack fill is the empty space in a package that is filled to substantially less than its capacity for reasons other than any one or more of the following:

(1)    Protection of the contents of the package.

(2)    The requirements of machines used for enclosing the contents of the package.

(3)    Unavoidable product settling during shipping and handling.

(4)    The need to utilize a larger than required package or container to provide adequate space for the legible presentation of mandatory and necessary labeling information, such as those based on the regulations adopted by the United States Food and Drug Administration or state or federal agencies under federal or state law, laws or regulations adopted by foreign governments, or under an industrywide voluntary labeling program.

(5)    The fact that the product consists of a commodity that is packaged in a decorative or representational container where the container is part of the presentation of the product and has value that is both significant in proportion to the value of the product and independent of its function to hold the product, such as a gift combined with a container that is intended for further use after the product is consumed, or durable commemorative or promotional packages.

(6)    An inability to increase the level of fill or to further reduce the size of the package, such as where some minimum package size is necessary to accommodate required labeling,

CLASS ACTION COMPLAINT

discourage pilfering, facilitate handling, or accommodate tamper-resistant devices.

(7)     The product container bears a reasonable relationship to the actual amount of product contained inside, and the dimensions of the actual product container, the product, or the amount of product therein is visible to the consumer at the point of sale, or where obvious secondary use packaging is involved.

(8)     The dimensions of the product or immediate product container are visible through the exterior packaging, or where the actual size of the product or immediate product container is clearly and conspicuously depicted on any side of the exterior packaging excluding the bottom, accompanied by a clear and conspicuous disclosure that the representation is the actual size of the product or the immediate product container.

(9)     The presence of any headspace within an immediate product container necessary to facilitate the mixing, adding, shaking, or dispensing of liquids or powders by consumers prior to use.

(10)    The exterior packaging contains a product delivery or dosing device if the device is visible, or a clear and conspicuous depiction of the device appears on the exterior packaging, or it is readily apparent from the conspicuous exterior disclosures or the nature and name of the product that a delivery or dosing device is contained in the package.

(11)    The exterior packaging or immediate product container is a

kit that consists of a system, or multiple components, designed to produce a particular result that is not dependent upon the quantity of the contents, if the purpose of the kit is clearly and conspicuously disclosed on the exterior packaging.

(12)   The exterior packaging of the product is routinely displayed using tester units or demonstrations to consumers in retail stores, so that customers can see the actual, immediate container of the product being sold, or a depiction of the actual size thereof prior to purchase.

(13)   The exterior packaging consists of single or multiunit presentation boxes of holiday or gift packages if the purchaser can adequately determine the quantity and sizes of the immediate product container at the point of sale.

(14)   The exterior packaging is for a combination of one purchased product, together with a free sample or gift, wherein the exterior packaging is necessarily larger than it would otherwise be due to the inclusion of the sample or gift, if the presence of both products and the quantity of each product are clearly and conspicuously disclosed on the exterior packaging.

(15)   The exterior packaging or immediate product container encloses computer hardware or software designed to serve a particular computer function, if the particular computer function to be performed by the computer hardware or software is clearly and conspicuously disclosed on the exterior packaging.

17.    Defendant's C4 Pre-Workout Powder's packaging fits squarely within the foregoing definition of non-functional slack fill under California law.

18.    As depicted in the photos below, taken between April 30, 2018 and May 15, 2018, C4 Pre-Workout Powder is sold in a fully-enclosed opaque container that does not allow consumers to even partially view the contents inside. Therefore, the packaging "does not allow the consumer to fully view its contents." Cal. B&P Code § 12606(b).



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10



11
12
13
14
15
16
17
18
19
20
21
22
23



24

25

26

27

28

19.     Cellucor C4 Pre-Workout Powder packaging is "filled to be misleading" due to the amount of slack fill it employs.  The 30-serving C4 Pre-Workout packaging contains approximately 2/3, or 66.6% empty space and does not indicate the capacity of the container as it relates to the amount of product contained therein, thus preventing a reasonable consumer from determining the

striking difference in volume between the capacity of the container and the fill amount.[2]  Similarly, the 60-serving C4 Pre-Workout packaging contains almost half, or approximately 45%, empty space and also, does not indicate the capacity of the container as it relates to the amount of product contained therein.  For example, the photo below shows the unaltered contents of the same 30-serving container shown above with the white seal removed, revealing the substantial unnecessary empty space contained therein.

---

[2] On information and belief, all C4 Pre-Workout Powders contain substantially similar fill levels and thus, substantially similar non-functional slack fill, approximately 45-66.6%.

CLASS ACTION COMPLAINT

20.     As set out in Cal. B&P Code § 12606(b), non-functional slack fill is defined as "the empty space in a package that is filled to substantially less than its capacity" and which does not fall under any of the safe harbor provisions. The amount of product that a consumer receives when purchasing C4 Pre-Workout fills less than half the capacity of the container in which it is packaged.

21.     Furthermore, the packaging does not fit within any of the safe harbor provisions listed in Cal. B&P Code § 12606(b):

(1)     Pursuant to § 12606(b)(1), the slack fill does not protect the contents of the packaging, as the product is not fragile or breakable;

(2)     Pursuant to § 12606(b)(2), there is no reason that machines used for enclosing the contents of the package would require an outer container which can hold significantly more product than it actually does, especially when the machines used by Defendant are capable of producing several sizes of containers, as evidenced by the various-sized containers of the C4 Pre-Workout Powder ranging from small to larges;

(3)     Pursuant to § 12606(b)(3), the slack fill is not necessary to accommodate product settling, as fine powder is not the sort of product that "settles" significantly enough to require double the amount of space; in fact, fine powders are the least likely to "settle" because they fill every space of their containers, similar to sand, such that if there is any settling, it is negligible and would not result in 50% or more of the container being empty;

(4)     Pursuant to § 12606(b)(4), the outer container does not need to be larger to accommodate necessary labeling information, as there are several sized containers available for the Vega Products, as well as comparable products in various, smaller containers

1    produced by competitors;

2    (5)    Pursuant to § 12606(b)(5), the outer container is not decorative or

3            representational, and does not have a value that is both significant

4            in proportion to its value and independent of its function to hold

5            the product;

6    (6)    Pursuant to § 12606(b)(6), the outer packaging is not needed to

7            prevent theft or accommodate required labeling or tamper-

8            resistant devices and does not purport to do so;

9    (7)    Pursuant to § 12606(b)(7), the outer container does not bear a

10           reasonable relationship to the actual amount of product contained

11           inside, and the amount of the product therein is not visible to the

12           consumer at the point of sale, as shown in the pictures above;

13    (8)    Pursuant to § 12606(b)(8), neither the dimensions of the

14           immediate product container or the product are visible through the

15           exterior packaging, and the size of the immediate product

16           container is not clearly and conspicuously depicted on the exterior

17           packaging, as shown in the pictures above;

18    (9)    Pursuant to § 12606(b)(9), the slack fill is not necessary to

19           facilitate mixing, shaking, or dispensing of the product because

20           the product is not intended for mixing or shaking within the

21           container and does not dispense the product;

22    (10)   Pursuant to § 12606(b)(10), the outer container is not a delivery

23           or dosing device for the product, as there is a small scoop inside

24           the container for dosing;

25    (11)   Pursuant to § 12606(b)(11), the outer container is not a kit or

26           system designed to produce a result not dependant on the quantity

27           of the contents;

28    (12)   Pursuant to § 12606(b)(12), the product is not routinely displayed

CLASS ACTION COMPLAINT

outside of its packaging such that consumers can see the actual, immediate container of the product being sold prior to purchase;

(13) Pursuant to § 12606(b)(13), the exterior packaging is not holiday or gift packaging, and in no way suggests that it is intended to be commemorative in any respect;

(14) Pursuant to § 12606(b)(14), the packaging does not contain a free sample or gift which necessitates larger packaging; and

(15) Pursuant to § 12606(b)(15), the packaging does not contain computer hardware or software.

22. Defendant's packaging is misleading to reasonable consumers, including Plaintiff and potential class members, and serves only to maximize Defendant's profits.

23. Defendant knows, or should know, that consumers, like Plaintiff and other Class Members, reasonably rely on the size and style of their packaging in purchasing Cellucor C4 Pre-Workout Powders and would reasonably believe that the packaging contains much more powder than it actually does.

24. In reasonable reliance on the size and style of their packaging, Plaintiff and Class Members purchased Cellucor C4 Pre-Workout Powders.

25. Plaintiff and Class Members did not know, and had no reason to know, that the Cellucor C4 Pre-Workout Powders' packaging contains a significant amount of empty space, because the containers are opaque with no view of the contents inside, at the time of purchase. A reasonable consumer cannot accurately determine the fill of the Cellucor C4 Pre-Workout Powders by shaking or squeezing the packaging and is certainly not expected to do so prior to purchasing them.

26. To this day, Defendant continues to sell Cellucor C4 Pre-Workout Powders in deceptive packaging, without disclosing the true nature of the contents therein. Because the Cellucor C4 Pre-Workout Powders' packaging

does not contain the amount of product reasonably expected by Plaintiff and Class Members, Defendant's uniform practice of filling and packaging Cellucor C4 Pre-Workout Powders in the foregoing manner was and continues to be misleading and deceptive, and cheats consumers.

27. Each consumer has been exposed to the same or substantially similar deceptive practice, with the same misleading size and style of packaging, containing approximately 50% or more non-functional slack fill.

28. Plaintiff and other consumers have paid an unlawful premium for the Cellucor C4 Pre-Workout Powders. If Plaintiff and Class Members knew how little product they were getting, Plaintiff and Class Members would not have purchased the Cellucor C4 Pre-Workout Powder or would have paid less for it. Therefore, Plaintiff and other consumers purchasing the Cellucor C4 Pre-Workout Powders suffered injury in fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

29. As a result of their reliance on Defendant's representations, consumers have suffered an ascertainable loss of money, including, but not limited to, out of pocket costs incurred in purchasing Cellucor C4 Pre-Workout Powder, for which Plaintiff and other consumers have paid an unlawful premium. Specifically, they have paid for an amount of product that they expected to but never received. Plaintiff and other consumers would have paid significantly less for Cellucor C4 Pre-Workout Powders had they known that the package only contained 50% of the product that it had the capacity to hold. In the alternative, Plaintiff and other consumers would not have purchased Cellucor C4 Pre-Workout at all had they known that the package only contained 50% of the product that it had the capacity to hold. Therefore, Plaintiff and Class Members suffered injury-in-fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

30. Further, as a result of its deceptive marketing and unfair competition

1   with other similar manufacturers and brands, Defendant realized sizable profits.

2      31.   As a result of its misleading business practice, and the harm caused

3   to Plaintiff and Class Members, Defendant should be enjoined from using this

4   deceptive packaging, and should be required to pay for all damages caused to

5   Plaintiff and Class Members.

6                        **CLASS ALLEGATIONS**

7      32.   Plaintiff brings this lawsuit as a class action on behalf of himself

8   and all others similarly situated as members of the proposed Class pursuant to

9   pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and

10  23(c)(4). This action satisfies the numerosity, commonality, typicality, adequacy,

11  predominance, and superiority requirements of those provisions.

12     33.   Plaintiff's proposed Class and Sub Class(es) are defined as:

13
14          **Class**: All individuals who purchased Cellucor C4 Pre-Workout
            Powder packaged in 30- and 60-serving size containers, or
15          substantially similar packaging, in the United States from four years
            prior to the filing of the complaint to the time of class certification.
16
17          **California Sub-Class**: All individuals in the Class who purchased
            Cellucor C4 Pre-Workout Powder packaged in 30- and 60-serving
18          size containers, or substantially similar packaging, in California.

19
            **CLRA Sub-Class**: All members of the California Sub-Class who
20          are "consumers" within the meaning of California Civil Code §
            1761(d).
21

22     34.   Members of the Class will collectively be referred to as "Class

23  Members."

24     35.   Excluded from the Class and Sub-Classes are: (1) Defendant, any

25  entity or division in which Defendant has a controlling interest, and its legal

26  representatives, officers, directors, assigns, and successors; (2) the Judge to

27  whom this case is assigned and the Judge's staff; (3) any Judge sitting in the

28  presiding state and/or federal court system who may hear an appeal of any

judgment entered; and (4) those persons who have suffered personal injuries as a result of the facts alleged herein.  Plaintiff reserves the right to amend the Class and Sub-Class definitions if discovery and further investigation reveal that the Class and Sub-Class should be expanded or otherwise modified.  There is a well-defined community of interest in the litigation and the class is readily ascertainable.

36.   Numerosity:  Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

37.   Typicality:  Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class Members, was exposed to Defendant's misleading packaging, purchased the Cellucor C4 Pre-Workout Powder in reliance on the misleading packaging, and suffered losses as a result of such purchases.  The representative Plaintiff, like all Class Members, has been damaged by Defendant's misconduct in that they incurred expenses due to their reliance on Defendant's deceptive packaging, as described throughout this complaint.  Furthermore, the factual bases of Defendant's misconduct are common to all Class Members and represent a common thread resulting in injury to all Class Members.

38.   Adequacy:  Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the members of the Classes he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of the members of the Classes will be fairly and adequately protected by the Plaintiff and his counsel.

CLASS ACTION COMPLAINT

39.   <u>Commonality</u>:  Numerous questions of law and fact are common to Plaintiff and the Class Members that predominate over any question affecting only individual Class Members.  These common legal and factual issues include the following:

    a.  Whether Cellucor C4 Pre-Workout Powders' packaging contains non-functional slack fill;

    b.  Whether Defendant's conduct was unlawful, unfair, and/or deceptive;

    c.  Whether Defendant's conduct violates federal and/or state consumer protection laws;

    d.  Whether Plaintiff and other Class Members are entitled to equitable relief, including, without limitation, a preliminary and/or permanent injunction;

    e.  Whether Plaintiff and other Class Members are entitled to damages;

    f.  Whether Defendant knew or reasonably should have known of their deceptive representations and omissions relating to its Cellucor C4 Pre-Workout Powders' packaging; and

    g.  Whether Defendant is obligated to inform Class Members of their right to seek reimbursement for having paid for Cellucor C4 Pre-Workout Powders in reliance on Defendant's misrepresentations.

40.   <u>Predominance and Superiority</u>:  Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek

legal redress for Defendant's misconduct.  Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

### (Violation of California's Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*,)

41.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

42.    Plaintiff brings this cause of action on behalf of himself and on behalf of the members of the CLRA Sub-Class.

43.    Defendant is a "person" as defined by California Civil Code § 1761(c).

44.    Plaintiff and CLRA Sub-Class Members are "consumers" within the meaning of California Civil Code § 1761(d) because they bought Cellucor C4 Pre-Workout Powders for personal, family, or household purposes.

45.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ."  By packaging Cellucor C4 Pre-Workout Powders in its current misleading packages, Defendant has represented and continues to represent that the Product has quantities which it does not have. Therefore, Defendant violates § 1770(a)(5) of the CLRA.

46.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By deceitfully packaging Cellucor C4 Pre-Workout Powders in a container with significantly greater

1 volume than the product contained therein, and then intentionally selling

2 Cellucor C4 Pre-Workout Powders in a manner that does not meet consumer

3 expectations as to the quantity of powder contained in the packaging, Defendant

4 has violated section 1770(a)(9) of the CLRA.

5      47.    At all relevant times, Defendant knew or reasonably should have

6 known that the Cellucor C4 Pre-Workout Powders' packaging contained a

7 significant amount of non-functional slack fill, and that Plaintiff and other

8 members of the CLRA Sub-Class would reasonably and justifiably rely on the

9 size and style of the package in purchasing Cellucor C4 Pre-Workout Powders.

10      48.    Plaintiff and members of the CLRA Sub-Class have reasonably and

11 justifiably relied on Defendant's misleading and fraudulent conduct when

12 purchasing Cellucor C4 Pre-Workout Powders.  Moreover, Defendant's

13 fraudulent and misleading conduct is material in that a reasonable consumer

14 would have considered the amount of product contained in the packaging to be

15 important in deciding whether to purchase Cellucor C4 Pre-Workout Powders or

16 pay less.  Therefore, reliance on such conduct as a material reason for the

17 decision to purchase the Product may be presumed or inferred for Plaintiff and

18 members of the CLRA Sub-Class.

19      49.    Plaintiff and members of the CLRA Sub-Class have suffered and

20 continue to suffer injuries caused by Defendant, because they would not have

21 purchased Cellucor C4 Pre-Workout Powders, or would have paid significantly

22 less for it, had they known that Defendant's conduct was misleading and

23 fraudulent.

24      50.    As a direct and proximate result of Defendant's unfair methods of

25 competition and/or unfair and deceptive practices, Plaintiff and the Class have

26 suffered and will continue to suffer actual damages.

27      51.    Under Cal. Civ. Code § 1780(a), Plaintiff and members of the

28 CLRA Sub-Class seek damages, restitution, declaratory and injunctive relief, and

1    all other remedies the Court deems appropriate for Defendant's violations of the

2    CLRA.  Plaintiff seeks to enjoin Defendant from use of deceptive non-functional

3    slack fill in its products.

4        52.    Plaintiff provided Defendant with notice of its violations of the

5    CLRA pursuant to California Civil Code § 1782(a).  If Defendant fails to provide

6    appropriate relief for its violations of the CLRA within 30 days, Plaintiff will

7    seek monetary, compensatory, and punitive damages, in addition to injunctive

8    and equitable relief.

9                        **SECOND CAUSE OF ACTION**

10        **(Violation of California Business & Professions Code § 17500 *et seq.*)**

11        53.    Plaintiff incorporates by reference the allegations contained in each

12    and every paragraph of this Complaint.

13        54.    Plaintiff brings this cause of action on behalf of himself and on

14    behalf of the Class, or in the alternative, on behalf of the California Sub-Class.

15        55.    California Business & Professions Code § 17500 prohibits unfair,

16    deceptive, untrue, and misleading advertising in connection with the disposal of

17    personal property (among other things), including, without limitation, false

18    statements as to the use, worth, benefits, or characteristics of the property.

19        56.    Defendant has represented and continues to represent to the public,

20    including Plaintiff and Class Members, through its deceptive packaging, that

21    more product is contained therein than actually is.  Defendant's representation is

22    misleading because the packing only contains 50% or less of the amount of

23    product compared to what the packaging could potentially hold.  Defendant

24    made such untrue or misleading advertisements with the intent to dispose of said

25    merchandise.

26        57.    Defendant knew, or in the exercise of reasonable care should have

27    known, that these representations were misleading and deceptive, and that such

28    representations continue to be misleading.

58.     As a result of their reliance on Defendant's misrepresentations, Class Members suffered an ascertainable loss of money, property, and/or value of the product.

59.     As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

60.     Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class.  Pursuant to § 17535 of the Business & Professions Code, Plaintiff and Class Members are entitled to an order of this Court enjoining such future conduct on the part of Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore to any person in interest any money paid for Cellucor C4 Pre-Workout Powders as a result of the wrongful conduct of Defendant.

## THIRD CAUSE OF ACTION

### (Violation of California Business & Professions Code § 17200 *et seq.*)

61.     Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

62.     Plaintiff brings this cause of action on behalf of himself and on behalf of the Class, or in the alternative, on behalf of the California Sub-Class.

63.     As a result of their reliance on Defendant's misrepresentations and omissions, Class Members suffered an ascertainable loss of money, property, and/or value of their Cellucor C4 Pre-Workout Powders.

64.     California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

65.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

66.     Defendant's false and misleading advertising of Cellucor C4 Pre-

1  Workout Powders therefore was, and continues to be, "unlawful" because it

2  violates Cal. B&P Code § 12606(b), because it contains unlawful non-functional

3  slack fill as detailed herein.

4      67.    Furthermore, Defendant's acts, conduct and practices also

5  constituted violations of California's Consumers Legal Remedies Act; and

6  violations of California's False Advertising Law.

7      68.    By its conduct, Defendant has engaged in unfair competition and

8  unlawful, unfair, and fraudulent business practices.

9      69.    Defendant's unfair or deceptive acts or practices occurred

10  repeatedly in Defendant's trade or business, and were capable of deceiving a

11  substantial portion of the purchasing public.

12     70.    As a direct and proximate result of Defendant's unfair and deceptive

13  practices, Plaintiff and the Class have suffered and will continue to suffer actual

14  damages.  Defendant has been unjustly enriched and should be required to make

15  restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the

16  Business & Professions Code. Plaintiffs incorporate by reference the allegations

17  contained in each and every paragraph of this Complaint.

18                **FOURTH CAUSE OF ACTION**

19                 **(For Unjust Enrichment)**

20     71.    Plaintiff brings this cause of action on behalf of himself and on

21  behalf of the Class, or, in the alternative, on behalf of the California Sub-Class,

22  against Defendant.

23     72.    As a direct and proximate result of Defendant's misrepresentations,

24  Defendant has profited through the sale of C4 Pre-Workout Powders. Although

25  some of the powders can be purchased through Defendant's agents, the money

26  from the products' sales flows directly back to Defendant.

27     73.    Defendant has therefore been unjustly enriched as a result of

28  Defendant's deceptive business practices in advertising, marketing, and selling

1  the C4 Pre-Workout Powders through the use of funds that earned interest or

2  otherwise added to Defendant's profits when said money should have remained

3  with Plaintiff and Class Members.

4      74.    As a result of the Defendant's unjust enrichment, Plaintiff and Class

5  Members have suffered damages.

## PRAYER FOR RELIEF

7      75.    Plaintiff, on behalf of himself, and all others similarly situated,

8  requests the Court to enter judgment against Defendant, as follows:

9          a.    An order certifying the proposed Class and Sub-Classes,

10             designating Plaintiff as named representative of the Class, and

11             designating the undersigned as Class Counsel;

12         b.    An order enjoining Defendant from further deceptive

13             advertising, sales, and other business practices with respect to

14             its Cellucor C4 Pre-Workout Powders' packaging;

15         c.    A declaration requiring Defendant to comply with the various

16             provisions of California's False Advertising Law and CLRA

17             alleged herein and to make all the required representations;

18         d.    A declaration that Defendant must disgorge, for the benefit of

19             the Class, all or part of the ill-gotten profits it received from

20             the sale of Cellucor C4 Pre-Workout Powders, or make full

21             restitution to Plaintiff and Class Members;

22         e.    An award of attorneys' fees and costs, as allowed by law;

23         f.    An award of attorneys' fees and costs pursuant to California

24             Code of Civil Procedure § 1021.5;

25         g.    An award of pre-judgment and post-judgment interest, as

26             provided by law;

27         h.    Leave to amend the Complaint to conform to the evidence

28             produced at trial; and

i.    Such other relief as may be appropriate under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any and all issues in this action so triable.


Dated:  November 30, 2018                Respectfully submitted,

Capstone Law APC


By: /s/ Tarek H. Zohdy
Tarek H. Zohdy
Cody R. Padgett
Trisha K. Monesi

Attorneys for Plaintiff Joseph Kinder

CLASS ACTION COMPLAINT

# EXHIBIT 1

1   Tarek H. Zohdy (SBN 247775)
    Tarek.Zohdy@capstonelawyers.com
2   Cody R. Padgett (SBN 275553)
    Cody.Padgett@capstonelawyers.com
3   Trisha K. Monesi (SBN 303512)
    Trisha.Monesi@capstonelawyers.com
4   Capstone Law APC
    1875 Century Park East, Suite 1000
5   Los Angeles, California 90067
    Telephone:  (310) 556-4811
6   Facsimile:   (310) 943-0396

7   Attorneys for Plaintiff
    Joseph Kinder
8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  JOSEPH KINDER, individually, and      Case No.:
    on behalf of other members of the
13  general public similarly situated,     **DECLARATION OF JOSEPH
                                           KINDER IN SUPPORT OF VENUE
14          Plaintiff,                     FOR CLASS ACTION COMPLAINT
                                           PURSUANT TO CIVIL CODE §
15      v.                                 1780(d)**

16  WOODBOLT DISTRIBUTION,
    LLC, a Delaware limited liability
17  company,

18          Defendant.

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF JOSEPH KINDER**

I, JOSEPH KINDER, declare under penalty of perjury as follows:

1.    I make this declaration based upon my personal knowledge except as to those matters stated herein that are based upon information and belief, and as to those matters I believe them to be true.  I am over the age of eighteen, a citizen of the State of California, and a Plaintiff in this action.

2.    Pursuant to California Civil Code § 1780(d), this Declaration is submitted in support of Plaintiff's Selection of Venue for the Trial of Plaintiff's Cause of Action alleging violation of California's Consumers Legal Remedies Act.

3.    I reside in Pine Valley, California, which is in the County of San Diego.  I purchased the Cellucor C4 Pre-Workout Powder that is the subject of this lawsuit in the County of San Diego.

4.    I am informed and believe that Defendant Woodbolt Distribution, LLC ("Woodbolt" or "Defendant") is a Delaware corporation organized and existing under the laws of the State of Delaware and is registered to conduct business in California.  Woodbolt Distribution, LLC's corporate headquarters and principal place of business is located at 3891 S. Traditions Dr., Bryan, Texas 77807.  On information and belief, Defendant conducts business in San Diego County.

5.    Based on the facts set forth herein, this Court is a proper venue for the prosecution of Plaintiff's Cause of Action alleging violation of California's Consumers Legal Remedies Act because the Cellucor C4 Pre-Workout Powders that are the subject of this lawsuit are situated here, and a substantial portion of the events giving rise to the claims occurred here.

//

//

//

DECL. OF JOSEPH KINDER IN SUPPORT OF PLAINTIFF'S SELECTION OF VENUE FOR TRIAL

6.    I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on November ___, 2018, in Pine Valley, California.

11/30/2018

DocuSigned by:

A12CD509C43142E...

_____
Joseph Kinder

DECL. OF JOSEPH KINDER IN SUPPORT OF PLAINTIFF'S SELECTION OF VENUE FOR TRIAL